354 So.2d 398 (1978)
Jimmie E. VANDERGRIFT and Dorothy E. Vandergrift, His Wife, Appellants,
v.
FORT PIERCE MEMORIAL HOSPITAL, INC., and Continental Insurance Company, Appellees.
No. 76-1636.
District Court of Appeal of Florida, Fourth District.
January 17, 1978.
Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants.
George H. Moss, II, of Jones, Paine & Foster, P.A., Vero Beach, for appellees.
ALDERMAN, Chief Judge.
Mr. and Mrs. Vandergrift, plaintiffs in this medical malpractice case, appeal from a final judgment which awarded $12,500 to Mr. Vandergrift and nothing to his wife. The judgment is based upon a jury verdict which determined Mr. Vandergrift's total damages to be $125,000 and found him to be 90 percent negligent and the defendant hospital to be 10 percent negligent. The primary issue on appeal is whether the trial court erred in denying the plaintiffs' motion for directed verdict on the issue of Mr. Vandergrift's contributory negligence. Plaintiffs contend that any contributory negligence on the part of Mr. Vandergrift *399 prior to the time he came to the defendant hospital is not available to the hospital as a defense. Based upon the facts of this case we reject plaintiffs' contention and affirm.
There are conflicts in the evidence; therefore, since it is the plaintiffs who are contending that a directed verdict should have been entered in their favor, we must consider the evidence in the light most favorable to the defendants. In that light it appears that Vandergrift and three companions were scuba diving in the ocean off the coast of Palm Beach, when, at approximately 3:00 p.m., Vandergrift noticed that his decompression meter was in the red zone and shortly thereafter he began having pain in his right shoulder. The "red" on the decompression meter was an indication that he had ascended too rapidly from a dive and thereby exposed himself to the bends. One of his companions, Robert Smith, a medical doctor and a certified scuba diver, told Vandergrift to dive back down again to see if the pain would go away. He did and the pain went away. Smith explained that this was another indication that Vandergrift had the bends, and he advised Vandergrift that he had to go into a recompression chamber. Vandergrift was an experienced scuba diver and knew that the only treatment for the bends was recompression. When they returned to shore Vandergrift had no pain in his shoulder. About 5:00 p.m., however, as he was driving to his home in Fort Pierce, the pain returned.
At home, Vandergrift telephoned Dr. Smith and told him about the pain. Smith advised Vandergrift to contact Harry Morris, the president of the West Palm Beach Skin Divers Club, for assistance in getting into the recompression chamber at Perry Submarine in West Palm Beach. Morris informed them that Perry Submarine would accept Vandergrift only if there were a life or death emergency. Smith continued his efforts to locate an available recompression chamber. He learned that the chamber at the Kennedy Space Center was being utilized and was not available. He told Vandergrift that the nearest available chamber was at Gainesville and he advised him to go there, stressing to him the importance of getting to a recompression chamber. According to Smith, Vandergrift was going to think about it, but it "was a long drive and he wasn't really keen on heading for Gainesville."
Vandergrift did not go to Gainesville; instead he continued to consult with Morris, who had been in contact with another doctor  one who recommended a regimen of breathing oxygen. Following this suggestion Vandergrift went to the Fort Pierce Fire Department and, after breathing oxygen at the fire station and not experiencing any relief, again contacted Morris. For the second time the use of oxygen was recommended, so Vandergrift went back to the fire station and requested additional oxygen. This time, however, the request was refused. The officer in command of the fire station suggested that Vandergrift go to the hospital and receive oxygen there. During this time Dr. Smith was still recommending to Vandergrift that he seek treatment in the recompression chamber at Gainesville; but, according to Smith, Vandergrift decided to continue the oxygen breathing instead.
At 11:00 p.m., eight hours after he first became aware that he had the bends, Vandergrift presented himself at the emergency room of the Fort Pierce Memorial Hospital and explained to the doctor on duty that he had the bends. He told the doctor that he had been referred to the hospital because there was no more pure oxygen available at the facility where he had previously received oxygen treatment. He was given the oxygen that he requested, but he received no further treatment and was not advised by the emergency room doctor that the proper treatment for bends was recompression, nor was any effort made to transfer him to a facility which had a recompression chamber. The defendant hospital did not have such a chamber. Vandergrift left the hospital about 1:15 a.m. and returned to his home. By morning the pain in his shoulder had disappeared. Approximately two years later his shoulder started hurting again. This pain and the resulting disability *400 was caused by an aseptic necrosis of the bone which resulted from the bends.
The point on appeal is whether the trial court erred in denying the plaintiffs' motion for directed verdict on the issue of Vandergrift's contributory negligence. For reversal the plaintiffs rely upon Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975); however, we find that case to be factually distinguishable and not controlling. In Matthews the trial court's refusal to instruct the jury on the issue of comparative negligence was affirmed. The defendant-doctor in that case was found guilty of malpractice because he did not meet the requisite standard of care after he had his patient admitted to the hospital. There was some evidence of negligence on the part of the patient prior to his admission to the hospital, but the court said that such prior conduct was not legally significant. The patient in Matthews suffered a fatal heart attack after having been admitted to the hospital. The patient's prior negligence apparently was that he did not properly care for himself after an earlier heart attack and that he delayed his admission into the hospital after his symptoms increased in frequency and severity. The damages claimed were not for the heart attack and the court held that the prior conduct of the patient which contributed to his fatal heart attack was not a contributing proximate cause of the damages sought.
In the present case Vandergrift seeks damages, not for having the bends, but for the aseptic necrosis in his shoulder caused by lack of proper treatment in a recompression chamber. The jury's finding that the defendant hospital contributed to Vandergrift's failure to receive treatment is not challenged. Additionally, we find the evidence sufficient for the jury to have concluded, as it did, that Vandergrift's negligence was also a contributing proximate cause of his injury. Accordingly we hold that the trial court properly submitted the issue of Vandergrift's contributory negligence to the jury.
We have also considered plaintiffs' contention that the trial court erred in failing to grant a new trial to Mrs. Vandergrift on her claim for loss of consortium and find no error.
AFFIRMED.
CROSS and MOORE, JJ., concur.