PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar (the Bar) be authorized to publish as additions to the Florida Standard Jury Instructions (Civil) the following new instructions and model verdict forms for use under subpart MI 9 (Emergency Medical Treatment) of part MI (Miscellaneous), and under part VIII (Verdict Forms):
MI 9.1; Emergency Medical Treatment; No Jury Issue as to Applicability of § 786.13(2)(b); Model Verdict Form 8.3.
MI 9.2; Emergency Medical Treatment; Jury Issue as to Applicability of *98 § 768.13(2)(b); Model Verdict Forms 8.4 and 8.5.
The Committee also recommends that the Bar be authorized to publish as additions the following new instruction and model verdict form for use under subpart 3.8 (Defense Issues of Contributory Negligence and Assumption of Risk) of part III (Issues), and under part VIII (Verdict Forms):
3.8(f); Apportionment of fault; Model Verdict Form 8.6.
The Committee points out that the proposed MI 9 instructions are offered in response to the legislature’s amendment in 1988 to section 768.13(2)(b), Florida Statutes (Supp.1988), entitled “Good Samaritan Act; immunity from civil liability.” The proposed instructions were published for comment in The Florida Bar News on April 30, 1994, and October 1, 1994, and several comments were received. The Committee made changes to the instructions based on these comments and mailed copies of the revised final draft to all respondents, advising them of its intention to make this submission to this Court.
The Committee further points out that the proposed apportionment of fault instruction is offered in response to the legislature’s amendment to section 768.81, Florida Statutes (Supp.1988), entitled “Comparative Fault,” and this Court’s interpretation of provisions within that section in Fdbre v. Marin, 623 So.2d 1182 (Fla.1993). The proposed instruction was published for comment in The Florida Bar News on October 1, 1994, and several comments were received. The Committee made changes to the instruction based on these comments and mailed copies of the revised final draft to all respondents, advising them of its intention to make this submission to this Court.
We commend the Committee for its efforts and authorize the publication and use of the above instructions and verdict forms. In so doing, we express no opinion concerning the legal correctness of these instructions and verdict forms, but rather remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions. The new instructions and verdict forms are appended to this opinion and become effective when this opinion is filed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

MI 9
EMERGENCY MEDICAL TREATMENT
INTRODUCTORY COMMENT
MI 9 has been drafted to address amendments to section 768.13(2)(b), Florida Statutes. It applies only to cases described in that statute. MI 9 does not apply to eases involving patients capable of receiving treatment as nonemergeney patients, even if treated in the emergency room. No reported decision construes the legislative intent behind the amendments. Based upon the definition of “reckless disregard” in subpart (2)(b)3., the Committee has concluded that the intent was to limit liability in civil actions for damages arising out of fact situations to which the statute applies to cases where something more than “simple” negligence is established. Therefore, the standard instructions dealing with “simple” negligence are not appropriate for civil damage actions to which the statute applies.
MI 9.1 is intended for cases in which either the parties agree that the statute applies, or the court, in response to a motion for a directed verdict, concludes that, as a matter of law, the statute applies. MI 9.2 is intended for cases in which a jury issue exists regarding applicability of the statute.
MI 9.1
EMERGENCY MEDICAL TREATMENT
NO JURY ISSUE AS TO
APPLICABILITY OF § 768.13(2)(b)

a. Issues on claim:

The issues for your determination on the claim of (claimant) against (defendant hospital, hospital employee, physician) are: *99 whether (defendant hospital, hospital employee, physician) in [rendering] [or] [failing to render] emergency [care] [treatment], acted with reckless disregard for the consequences of [its] [his] [her] [their] actions; and, if so, whether such reckless disregard was a legal cause of

survival cases

[loss] [injury] [or] [damage] sustained by the decedent, (name).

death cases

the death of the decedent, (name).

other cases

[loss] [injury] [or] [damage] sustained by (claimant).

b. Burden of proof on claim:

If the greater weight of the evidence does not support the claim of (claimant) on these issues, then your verdict should be for (defendant hospital, hospital employee, physician).
[However, if the greater weight of the evidence does support the claim of (claimant) on these issues, then your verdict should be for (claimant) and against (defendant hospital, hospital employee, physician).]
[However, if the greater weight of the evidence does support the claim of (claimant), then you should consider the defense(s) raised by (defendant hospital, hospital employee, physician).]*

* Refer to Notes on Use

c. “Greater weight of the evidence” defined:

“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.

d. “Reckless disregard” defined:

A [hospital] [ (identify hospital employee providing patient care) ] [physician] acts with “reckless disregard” for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient],

e.Legal cause:

generally

Reckless disregard for the consequences of one’s actions is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can be reasonably said that, but for the reckless disregard, the [loss] [injury] [or] [damage] would not have occurred.

concurring cause

In order to be regarded as a legal cause of [loss] [injury] [or] [damage], reckless disregard for the consequences of one’s actions need not be the only cause. Reckless disregard may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as the reckless disregard and if the reckless disregard contributes substantially to producing such [loss] [injury] [or] [damage].

intervening cause

[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], reckless disregard for the consequences of one’s actions need not be its only cause.] Reckless disregard for the consequences of one’s actions may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause occurring after the reckless disregard occurs if [such other cause was itself reasonably foreseeable and the reckless disregard contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the reckless dis *100 regard and the reckless disregard contributes substantially to producing it].

f. Damages:

Use instructions from Part VI, DAMAGES, as appropriate.

NOTES ON USE
1. Negbgence of a patient which contributes to or causes the medical condition for which treatment is sought is not available as a defense (as comparative negbgence) to subsequent medical negbgence which causes a distinct injury. See, e.g., Norman v. Mandarin Emergency Care Center, Inc., 490 So.2d 76 (Fla. 1st DCA 1986); Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975). But see Vandergrift v. Fort Pierce Memorial Hospital, Inc., 354 So.2d 398 (Fla. 4th DCA), cert. denied, 362 So.2d 1057 (Fla.1978). Rare circumstances may arise, involving a patient’s negbgence after emergency care or treatment has begun, in which comparative negb-gence is a legitimate issue. See Generally Whitehead v. Linkous, 404 So.2d 377 (Fla. 1st DCA 1981).
2. Pending further developments in the law, the Committee reserves the issue of whether comparative negbgence is a defense when the reckless disregard standard is in effect. If the court decides that comparative negbgence is a defense, then an instruction on simple negbgence should be given.
3. “Reckless disregard,” as defined and used in the context of section 768.13(2)(b), does not appear to have the same meaning as reckless disregard when used in the context of standards for punitive damages. See S.J.I. 6.12.
MI 9.2
EMERGENCY MEDICAL TREATMENT
JURY ISSUE AS TO APPLICABILITY OF § 768.13(2)(b)

a.Issues regarding negligence:

The first issues for your determination on the claim of (claimant) against (defendant hospital, hospital employee, physician) are: whether (defendant hospital, hospital employee, physician) was negbgent in (describe conduct in question); and, if so, whether such negbgence was a legal cause of

survival cases

[loss] [injury] [or] [damage] sustained by the decedent, (name).

death cases

the death of the decedent, (name).

other cases

[loss] [injury] [or] [damage] sustained by (claimant).

b. “Negligence” defined:

“Negbgence” is the failure to use reasonable care. Reasonable care on the part of a [hospital] [(identify hospital employee providing patient care) ] [physician] is that level of care, skill and treatment which, in bght of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [hospitals] [ (identify hospital employees providing patient care) ] [physicians].
c. Burden of proof regarding negligence:
If the greater weight of the evidence does not support the claim of (claimant) on these negbgence issues, then your verdict should be for (defendant hospital, hospital employee, physician).
[However, if the greater weight of the evidence does support the claim of (claimant) on these negbgence issues, then you shall consider and determine whether the [care] [treatment] was rendered under emergency circumstances.]
[However, if the greater weight of the evidence does support the claim of (claimant) against one or [both] [more] of the defendants on these negbgence issues, then you shall consider and determine whether the [care] [treatment] was rendered under emergency circumstances.]

*101
d. “Emergency circumstances” defined:

[Care] [treatment] is rendered under emergency circumstances when a [hospital] [(identify hospital employee providing patient care) ] [physician] renders medical [care] [treatment] required by a sudden, unexpected situation or event that resulted in a serious medical condition demanding immediate medical attention, for which (claimant) (decedent) initially entered the hospital through its [emergency room] [trauma center], before (claimant) (decedent) was medically stabilized and capable of receiving [care] [treatment] as a nonemergency patient.

e. Burden of proof regarding emergency circumstances:

when there is no affirmative defense

[If emergency circumstances have not been established by the greater weight of the evidence but the claim of (claimant) on the negligence issues has been established, then your verdict should be for (claimant) and against (defendant hospital, hospital employee, physician).]

when there is an affirmative defense

[If emergency circumstances have not been established by the greater weight of the evidence but the claim of (claimant) on the negligence issues has been established, then you shall consider the defense raised by (defendant hospital, hospital employee, physician).]
However, if both emergency circumstances and the claim of (claimant) on the negligence issues have been established by the greater weight of the evidence, then you shall consider and determine the following issues:

f Issues regarding “reckless disregard”:

whether (defendant hospital, hospital employee, physician), in [rendering] [or] [failing to render] emergency [care] [treatment], acted with reckless disregard for the consequences of [its] [his] [her] [their] actions; and, if so, whether such reckless disregard was a legal cause of

survival cases

[loss] [injury] [or] [damage] sustained by the decedent, (name).

death cases

the death of the decedent, (name).

other cases

[loss] [injury] [or] [damage] sustained by (claimant).

g. Burden of proof regarding “reckless disregard”:

If emergency circumstances have been established by the greater weight of the evidence but either reckless disregard or legal cause has not been established, then your verdict should be for (defendant hospital, hospital employee, physician).

when there is no affirmative defense

[However, if emergency circumstances, reckless disregard and legal cause have all been established by the greater weight of the evidence, then your verdict should be for (claimant) and against (defendant hospital, hospital employee, physician).]

when there is an affirmative defense

[However, if emergency circumstances, reckless disregard and legal cause have all been established by the greater weight of the evidence, then you shall consider the defense(s) raised by (defendant hospital, hospital employee, physician).]*

* Refer to Notes on Use

h. “Greater weight of the evidence” defined:

“Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.

i. “Reckless disregard” defined:

A [hospital] [(identify hospital employee providing patient care) ] [physician] acts with “reckless disregard” for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient- *102 physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].

j.Legal cause

generally

A person’s conduct, whether negligent or done with reckless disregard for the consequences of one’s actions, is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for such conduct, the [loss] [injury] [or] [damage] would not have occurred.

concurring cause

In order to be regarded as a legal cause of [loss] [injury] [or] [damage], conduct, whether negligent or done with reckless disregard for the consequences of one’s actions, need not be the only cause. Such conduct may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause if such other cause occurs at the same time as such conduct, and if the conduct contributes substantially to producing such [loss] [injury] [or] [damage].

intervening cause

[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], conduct, whether negligent or done with reckless disregard for the consequences of one’s actions, need not be its only cause.] Such conduct may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] some other cause occurring after the conduct occurs if [such other cause was itself reasonably foreseeable and the conduct contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the conduct, and the conduct contributes substantially to producing it].

k.Damages:

Use instructions from Part VI, DAMAGES, as appropriate.

NOTES ON USE
1. MI 9.2 is intended for use only in cases in which the evidence presents a jury issue as to the applicability of section 768.13(2)(b), Florida Statutes.
2. Negligence of a patient which contributes to or causes the medical condition for which treatment is sought is not available as a defense (as comparative negligence) to subsequent medical negligence which causes a distinct injury. See, e.g., Norman v. Mandarin Emergency Care Center, Inc., 490 So.2d 76 (Fla. 1st DCA 1986); Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975). But see, Vandergrift v. Fort Pierce Memorial Hospital, Inc., 354 So.2d 398 (Fla. 4th DCA), cert. denied, 362 So.2d 1057 (Fla.1978). Rare circumstances may arise, involving a patient’s negligence after emergency care or treatment has begun, in which comparative negligence is a legitimate issue. See generally Whitehead v. Linkous, 404 So.2d 377 (Fla. 1st DCA 1981).
3. Pending further developments in the law, the Committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. If the court decides that comparative negligence is a defense, then an instruction on simple negligence should be given.
4. “Reckless disregard,” as defined and used in the context of section 768.13(2)(b), does not appear to have the same meaning as reckless disregard when used in the context of standards for punitive damages. See S.J.I. 6.12.
5. In a ease involving “surgery [which] is [arguably] required as a result of the emergency within a reasonable time after the patient [has] stabilized,” it will be necessary to modify the definition of “emergency circumstances” contained in MI 9.2d on account of the exception in section 768.13(2)(b)2.a.
*103 MODEL VERDICT FORMS
FOR USE IN EMERGENCY MEDICAL TREATMENT (MI 9) CASES

For use in conjunction with MI 9.1

VERDICT
We, the jury, return the following verdict:
1. Was there reckless disregard on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES_ NO_
If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. What is the total amount (100%) of any damages sustained by (claimant) (decedent) and caused by the incident in question?
Total damages of (claimant) (decedent) $-

If a decision is made to include itemized damage interrogatories, refer to model verdict form 8.1 or 8.2

SO SAY WE ALL, this _ day of _, 19_
Foreman/Forewoman
NOTE ON USE
Pending further developments in the law, the Committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. However, if the court decides that comparative negligence is a defense, and that there is sufficient evidence to support such a defense, this verdict form should be modified accordingly.

For use in conjunction with MI 9.2,

when there is an issue

as to applicability of § 768.18(2)(b),

but no issue as to comparative negligence

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES._ NO_
If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Did (defendant hospital, hospital employee, physician) render [care] [treatment] to (claimant) (decedent) under emergency circumstances?
YES_ NO_
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
3. Was there reckless disregard on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES_ NO_
Please answer question 4.
4. What is the total amount (100%) of any damages sustained by (claimant) (decedent) and caused by the incident in question?
Total damages of (claimant) (decedent) $-

If a decision is made to include itemized damage interrogatories, refer to model verdict form 8.1 or 8.2

SO SAY WE ALL, this _ day of -19—
Foreman/Forewoman

For use in conjunction with MI 9.2, when there are issues as to both applicability of § 768.13(2) (b) and comparative negligence

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of (defendant hospital, hospital employee, physi *104 cian) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES_ NO_
If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Did (defendant hospital, hospital employee, physician) render [care] [treatment] to (claimant) (decedent) under emergency circumstances?
YES_ NO_
If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
3. Was there reckless disregard on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES_ NO_
Please answer question 4.
4. Was there negligence on the part of (claimant) (decedent) which was a legal cause of [his] [her] [loss] [injury] [or] [damage]?
YES_ NO_
If your answer to question 4 is YES, please answer question 5. If your answer to question 4 is NO, skip question 5 and answer question 6.
5. State the percentage of any negligence, which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent), that you charge to:
(defendant hospital, hospital employee, physician) _%
(claimant) (decedent) -%
Total must be 100%
Please answer question 6.
6. What is the total amount (100%) of any damages sustained by (claimant) (decedent) and caused by the incident in question?
Total damages of (claimant) (decedent) $-

If a decision is made to include itemized damage interrogatories, refer to model verdict form 8.1 or 8.2

In determining the total amount of damages, do not make any reduction because of the negligence, if any, of (claimant) (decedent). If you have found (claimant) (decedent) negligent in any degree, the court in entering judgment will reduce (claimant’s) (decedent’s) total amount of damages (100%) by the percentage of negligence which you found is chargeable to (claimant) (decedent).
SO SAY WE ALL, this _ day of -, 19—
Foreman/Forewoman
NOTE ON USE
Pending further developments in the law, the Committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. However, when issues as to both the applicability of the statute and comparative negligence are present, and the court decides that comparative negligence is a defense to a claim based upon the statute, this verdict form should be modified accordingly.
ADDITION
TO SUBPART 3.8 OF PART III

f. Apportionment of fault:

whether (identify additional person(s) or entit(y)(ies)) [was] [were] also [negligent] [ (specify other type of conduct) ]; and, if so, whether such [negligence] [fault] was a contributing legal cause of the [loss] [injury] [or] [damage] complained of.

Comment on 3.8f

1. See § 768.81, Florida Statutes (1993); Fabre v. Marin, 623 So.2d 1182 (Fla.1993).
2. In most cases, use of the term “negligence” will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly.
3. Pending further developments in the law, the committee reserves the question of *105 whether intentional acts are an appropriate subject of this instruction. See § 768.81(4), Florida Statutes (1993).
8.6
MODEL FORM OF VERDICT WITH APPORTIONMENT OF FAULT
(§ 768.81, Florida Statutes 1993)
VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of (defendant) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES_ NO_
If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Was there negligence on the part of (claimant) (decedent) which was a legal cause of [his] [her] [loss] [injury] [or] [damage]?
YES_ NO_
Please answer question 3.
3. Was there [negligence] [ (specify other type of conduct) ] on the part of (identify additional person or entity) which was a contributing legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
YES._ NO_

This question should be repeated,

and the question numbers adjusted accordingly,

for each additional person or entity

as to which the evidence is sufficient

to permit the jury to apportion fault

Please answer question 4.
4. State the percentage of any negligence [or fault], which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent) that you charge to:
(defendant) _%
(identify additional person or entity) _%
(claimant) _%
Total must be 100%
(Note: For any response of “NO” to question 1, 2 or 3, place a zero as to that person [or entity] in answering Question 4.)

If the evidence is sufficient

to permit the jury to apportion fault

to more than one additional person or entity,

a separate line should be added

for each such additional person or entity

Please answer question 5.
5.What is the total amount (100%) of any damages sustained by (claimant) (decedent) and caused by the incident in question?
Total damages of (claimant) (decedent) $-

If a decision is made to include itemized damage interrogatories, refer to model verdict form 8.1 or 8.2

In determining the amount of damages, do not make any reduction because of the negligence, if any, of (claimant) (decedent) or the [negligence] [ (specify other type of conduct) ], if any, of (identify additional person(s) or entit(y)(ies)). If you find that (claimant) (decedent) or (identify additional person(s) or entit(y)(ies)) [was] [were] negligent [or at fault], the court in entering judgment will make an appropriate reduction in the damages awarded.
SO SAY WE ALL, this _. day of _, 19_
Foreman/Forewoman
NOTE ON USE
The verdict form should list all persons or entities among whom the jury may apportion fault. This will permit the trial court to *106 allocate damages and determine setoffs, if appropriate, and facilitate appellate review.