# Supreme Court of Florida

_____

No. SC15-1279

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CIVIL CASES—REPORT NO. 15-02.**

[April 21, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted a report proposing amendments to one existing standard jury instruction. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes replacing the current version of instruction 402.16 (Emergency Medical Treatment Claims), which is relocated to appendix D of the civil jury instruction book by the Committee's proposal, with a "placeholder" instruction. The "placeholder" instruction explains that the Committee will propose a new instruction 402.16 that is consistent with the current version of section 768.13(2)(b), Florida Statutes (2015), when "guidance is provided from decisions of the Florida appellate courts."

Prior to filing its report with the Court, the Committee published its proposals for comment. No comments were received by the Committee. After the Committee filed its report, the Court republished the Committee's proposals for comment. No comments were received.

Having considered the Committee's report, we hereby authorize the relocation of instruction 402.16, as modified below, but decline to authorize the Committee's proposed "placeholder" instruction for publication and use. Appendix D of the civil jury instruction book is currently occupied with directions on how to write and use jury instructions in civil cases. No civil jury instructions are contained in appendix D. Thus, relocating instruction 402.16 to appendix D would impair the organizational structure of the civil jury instruction book and lead to confusion. We therefore authorize the creation of new appendix E and the relocation of instruction 402.16 to that appendix.

Accordingly, the instruction, as set forth in the appendix to this opinion, is authorized for publication and use. In authorizing the publication and use of this instruction, we express no opinion on its correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the

views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instruction as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Rebecca Mercier Vargas, Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Florida; Joseph Hagedorn Lang, Jr., Past Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Carlton Fields Jorden Burt, P.A., Tampa, Florida; Neal Allan Roth, Subcommittee Chair, Professional Malpractice Subcommittee, Coral Gables, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# Appendix

## 402.16 EMERGENCY MEDICAL TREATMENT CLAIMS

## INTRODUCTORY COMMENT

Instruction 402.16 addresses the provisions of *F.S.* 768.13(2)(b). It applies only to cases described in that statute or to cases in which there is a jury issue as to the applibility of the statute. Instruction 402.16 does not apply to cases involving patients capable of receiving treatment as non-emergency patients, even if treated in an emergency room.

Instruction 402.16a applies to cases in which there is a jury issue as to whether the statute applies. Instruction 402.16b applies to cases in which either the parties agree that the statute applies or the court has ruled that the statute applies as a matter of law.

The applicable part of instruction 402.16 should be preceded by instructions 402.1, 402.2, 402.3, and 403.6. Instruction 402.4 should not be given in the ordinary sequence as it is, to the extent applicable, incorporated in instruction 402.16. If there are any preliminary vicarious liability issues, instructions 402.9 and 402.10 should also be given.

No reported decision construes the legislative intent behind this section. Based upon the definition of "reckless disregard" in *F.S.*768.13(2)(b)3, the committee has concluded that the intent was to limit liability in civil actions for damages arising out of fact situations to which the statute applies to cases where something more than "simple" negligence is established. Therefore, the standard instructions dealing with "simple" negligence are not appropriate for civil damage actions to which the statute applies.

## 402.16a EMERGENCY MEDICAL TREATMENT —
### Jury Issue as to Application of F.S. 768.13(2)(b)

*(1).     Preliminary issue on application of statute:*

**The first issue for you to decide on** (claimant's) **claim against** (defendant) **is whether** (claimant) **was being [cared for] [treated] under emergency circumstances.**

**[Care] [treatment] is rendered under emergency circumstances when a [hospital] [physician] renders medical [care] [treatment] required by a**

**sudden, unexpected situation or event that resulted in a serious medical condition demanding immediate medical attention, for which** (claimant or decedent) **initially entered the hospital through its [emergency room] [trauma center], before** (claimant or decedent) **was medically stabilized and capable of receiving [care] [treatment] as a nonemergency patient.**

**If the greater weight of the evidence does not support that** (claimant's or decedent's) **[care] [treatment] was being rendered under emergency circumstances then you shall proceed to decide whether** (defendant) **was negligent in [his] [her] [its] [care] [treatment] of** (claimant or decedent)**.**

**However, if the greater weight of the evidence supports that** (claimant's or decedent's) **[care] [treatment] was being rendered under emergency circumstances, then you shall proceed to decide whether** (defendant) **acted in reckless disregard of the consequences in [his] [her] [its] [care] [treatment] of** (claimant or decedent)**.**

*(2).    Issues regarding negligence:*

**[If you find that** (claimant's or decedent's) **[care] [treatment] was not being rendered under emergency circumstances,] the [next] issue for you to decide is whether** (defendant) **was negligent in** (describe conduct in question)**; and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

**"Negligence" is the failure to use reasonable care. Reasonable care on the part of a [hospital] [physician] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [hospitals] [physicians]. Negligence on the part of a [hospital] [physician] is doing something that a reasonably careful [hospital] [physician] would not do under like circumstances or failing to do something that a reasonably careful [hospital] [physician] would do under like circumstances.**

**If the greater weight of the evidence does not support this claim, then your verdict [on this claim] should be for** (defendant)**.**

**[However, if the greater weight of the evidence does support** (claimant's) **claim on these issues, then your verdict [on this claim] should be for** (claimant) **and against** (defendant)**.]**

~~**[However, if the greater weight of the evidence does support** (claimant's) **claim, then you should consider the defense(s) raised by** (defendant)**.]**~~

~~*(3).* *Issues regarding reckless disregard:*~~

~~**[If you find that** (claimant's or decedent's) **[care] [treatment] was being rendered under emergency circumstances,] the [next] issue for you to decide is whether** (defendant) **acted with reckless disregard of the consequences in** (describe conduct in question)**; and, if so, whether that reckless disregard was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.]**~~

~~**A [hospital] [physician] acts with "reckless disregard" for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].**~~

~~**If emergency circumstances have not been established by the greater weight of the evidence but the greater weight of the evidence supports** (claimant's) **claim of negligence, then [your verdict [on this claim] should be for** (claimant) **and against** (defendant)**] [you should consider the defense(s) raised by** (defendant)**].**~~

~~*(Proceed to instructions 402.14 and 402.15)*~~

~~**[However, if the greater weight of the evidence does not support** (claimant's) **claim of negligence, then your verdict [on this claim] should be for** (defendant)**.]**~~

~~**On the other hand, if emergency circumstances have been established by the greater weight of the evidence and the greater weight of the evidence also supports** (claimant's) **claim of reckless disregard of the consequences, then [your verdict [on this claim] should be for** (claimant) **and against** (defendant)**] [you should consider the defense(s) raised by** (defendant)**].**~~

~~*(Proceed to instructions 402.14 and 402.15)*~~

- 6 -

**[However, if the greater weight of the evidence does not support** (claimant's) **claim of reckless disregard of the consequences, then your verdict [on this claim] should be for** (defendant) **and against** (claimant)**.]**

## 402.16b EMERGENCY MEDICAL TREATMENT

(Describe conduct in question) **occurred in the course of [rendering] [or] [failing to render] emergency [care] [treatment] to** (claimant or decedent)**. The issue for you to decide is whether** (defendant) **acted with reckless disregard of the consequences in** (describe conduct in question)**; and, if so, whether that reckless disregard was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

**A [hospital] [physician] acts with "reckless disregard" for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].**

**If the greater weight of the evidence does not support** (claimant's) **claim, then your verdict [on this claim] should be for** (defendant)**.**

**[However, if the greater weight of the evidence does support** (claimant's) **claim on these issues, then your verdict [on this claim] should be for** (claimant) **and against** (defendant)**.]**

**[However, if the greater weight of the evidence does support** (claimant's) **claim on these issues, then you should consider the defense(s) raised by** (defendant)**.]**

*(Proceed to instructions 402.14 and 402.15)*

NOTES ON USE FOR 402.16

1.      Instruction 402.16a should be given when there is a jury issue as to whether the care or treatment was being rendered under emergency circumstances. An appropriate special verdict will be necessary to distinguish between a finding that the care or treatment was not being rendered under emergency circumstances,

in which case the standard of care is negligence, and a finding that the care or treatment was being rendered under emergency circumstances, in which case the standard of care is reckless disregard of the circumstances. The verdict should contain instructions to guide the jury depending on their finding as to whether the care and treatment was or was not rendered under emergency circumstances. The burden of proof provisions of instruction 402.16a should also be modified to incorporate the instructions in the special verdict. See Appendix A, Model Jury Instructions.

2. Instruction 402.16b should be given when the parties agree that the statute applies or when the court has ruled it applies as a matter of law.

3. Negligence of a patient, which contributes to or causes the medical condition for which treatment is sought, is not available as a defense (as comparative negligence) to subsequent medical negligence which causes a distinct injury. See, e.*g.*, *Norman v. Mandarin Emergency Care Center, Inc.*, 490 So. 2d 76 (Fla. 1st DCA 1986); *Matthews v. Williford*, 318 So. 2d 480 (Fla. 2d DCA 1975); but see Vandergrift v. Fort Pierce Memorial Hospital, Inc., 354 So. 2d 398 (Fla. 4th DCA 1978). Rare circumstances may arise, involving a patient's negligence after emergency care or treatment has begun, in which comparative negligence is a legitimate issue. See generally *Whitehead v. Linkous*, 404 So. 2d 377 (Fla. 1st DCA 1981).

4. Pending further developments in the law, the committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. If the court decides that comparative negligence is a defense, then an instruction on simple negligence should be given.

5. "Reckless disregard," as defined and used in the context of *F.S.* 768.13(2)(b), does not appear to have the same meaning as reckless disregard when used in the context of standards for punitive damages. See Fla. Std. Jury Instr. (Civ.) 501.12 and 501.13.

## APPENDIX E

## 402.16 EMERGENCY MEDICAL TREATMENT CLAIMS INSTRUCTIONS FOR CAUSES OF ACTION ARISING PRIOR TO SEPTEMBER 15, 2003

## INTRODUCTORY COMMENT

Instruction 402.16 addresses the provisions of *F.S.* 768.13(2)(b). It applies only to cases described in that statute or to cases in which there is a jury issue as to the applicability of the statute. Instruction 402.16 does not apply to cases involving patients capable of receiving treatment as non-emergency patients, even if treated in an emergency room.

Instruction 402.16a applies to cases in which there is a jury issue as to whether the statute applies. Instruction 402.16b applies to cases in which either the parties agree that the statute applies or the court has ruled that the statute applies as a matter of law.

The applicable part of instruction 402.16 should be preceded by instructions 402.1, 402.2, 402.3, and 403.6. Instruction 402.4 should not be given in the ordinary sequence as it is, to the extent applicable, incorporated in instruction 402.16. If there are any preliminary vicarious liability issues, instructions 402.9 and 402.10 should also be given.

No reported decision construes the legislative intent behind this section. Based upon the definition of "reckless disregard" in *F.S.* 768.13(2)(b)3., the committee has concluded that the intent was to limit liability in civil actions for damages arising out of fact situations to which the statute applies to cases where something more than "simple" negligence is established. Therefore, the standard instructions dealing with "simple" negligence are not appropriate for civil damage actions to which the statute applies.

## 402.16a  EMERGENCY MEDICAL TREATMENT—Jury Issue as to Application of *F.S.* 768.13(2)(b)

*(1).    Preliminary issue on application of statute:*

**The first issue for you to decide on** (claimant's) **claim against** (defendant) **is whether** (claimant) **was being [cared for] [treated] under emergency circumstances.**

**[Care] [treatment] is rendered under emergency circumstances when a [hospital] [physician] renders medical [care] [treatment] required by a sudden, unexpected situation or event that resulted in a serious medical condition demanding immediate medical attention, for which** (claimant or decedent) **initially entered the hospital through its [emergency room] [trauma center], before** (claimant or decedent) **was medically stabilized and capable of receiving [care] [treatment] as a nonemergency patient.**

**If the greater weight of the evidence does not support that** (claimant's or decedent's) **[care] [treatment] was being rendered under emergency circumstances then you shall proceed to decide whether** (defendant) **was negligent in [his] [her] [its] [care] [treatment] of** (claimant or decedent)**.**

**However, if the greater weight of the evidence supports that** (claimant's or decedent's) **[care] [treatment] was being rendered under emergency circumstances, then you shall proceed to decide whether** (defendant) **acted in reckless disregard of the consequences in [his] [her] [its] [care] [treatment] of** (claimant or decedent)**.**

*(2). Issues regarding negligence:*

**[If you find that** (claimant's or decedent's) **[care] [treatment] was not being rendered under emergency circumstances,] the [next] issue for you to decide is whether** (defendant) **was negligent in** (describe conduct in question)**; and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

**"Negligence" is the failure to use reasonable care. Reasonable care on the part of a [hospital] [physician] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [hospitals] [physicians]. Negligence on the part of a [hospital] [physician] is doing something that a reasonably careful [hospital] [physician] would not do under like circumstances or failing to do something that a reasonably careful [hospital] [physician] would do under like circumstances.**

**If the greater weight of the evidence does not support this claim, then your verdict [on this claim] should be for** (defendant)**.**

**[However, if the greater weight of the evidence does support** (claimant's) **claim on these issues, then your verdict [on this claim] should be for** (claimant) **and against** (defendant)**.]**

**[However, if the greater weight of the evidence does support** (claimant's) **claim, then you should consider the defense(s) raised by** (defendant)**.]**

*(3). Issues regarding reckless disregard:*

**[If you find that** (claimant's or decedent's) **[care] [treatment] was being rendered under emergency circumstances,] the [next] issue for you to decide is whether** (defendant) **acted with reckless disregard of the consequences in** (describe conduct in question)**; and, if so, whether that reckless disregard was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.]**

**A [hospital] [physician] acts with "reckless disregard" for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].**

**If emergency circumstances have not been established by the greater weight of the evidence but the greater weight of the evidence supports** (claimant's) **claim of negligence, then [your verdict [on this claim] should be for** (claimant) **and against** (defendant)] **[you should consider the defense(s) raised by** (defendant)]**.**

*(Proceed to instructions 402.14 and 402.15)*

**[However, if the greater weight of the evidence does not support** (claimant's) **claim of negligence, then your verdict [on this claim] should be for** (defendant)**.]**

**On the other hand, if emergency circumstances have been established by the greater weight of the evidence and the greater weight of the evidence also supports** (claimant's) **claim of reckless disregard of the consequences, then [your verdict [on this claim] should be for** (claimant) **and against** (defendant)] **[you should consider the defense(s) raised by** (defendant)]**.**

*(Proceed to instructions 402.14 and 402.15)*

**[However, if the greater weight of the evidence does not support** (claimant's) **claim of reckless disregard of the consequences, then your verdict [on this claim] should be for** (defendant) **and against** (claimant)**.]**

### 402.16b  EMERGENCY MEDICAL TREATMENT

(Describe conduct in question) **occurred in the course of [rendering] [or] [failing to render] emergency [care] [treatment] to** (claimant or decedent)**. The issue for you to decide is whether** (defendant) **acted with reckless disregard of the consequences in** (describe conduct in question)**; and, if so, whether that reckless disregard was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

**A [hospital] [physician] acts with "reckless disregard" for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].**

**If the greater weight of the evidence does not support** (claimant's) **claim, then your verdict [on this claim] should be for** (defendant)**.**

**[However, if the greater weight of the evidence does support** (claimant's) **claim on these issues, then your verdict [on this claim] should be for** (claimant) **and against** (defendant)**.]**

**[However, if the greater weight of the evidence does support** (claimant's) **claim on these issues, then you should consider the defense(s) raised by** (defendant)**.]**

*(Proceed to instructions 402.14 and 402.15)*

NOTES ON USE FOR 402.16

1.     Instruction 402.16a should be given when there is a jury issue as to whether the care or treatment was being rendered under emergency circumstances. An appropriate special verdict will be necessary to distinguish between a finding that the care or treatment was not being rendered under emergency circumstances, in which case the standard of care is negligence, and a finding that the care or treatment was being rendered under emergency circumstances, in which case the standard of care is reckless disregard of the circumstances. The verdict should contain instructions to guide the jury depending on their finding as to whether the care and treatment was or was not rendered under emergency circumstances. The burden of proof provisions of instruction 402.16a should also be modified to

- 12 -

incorporate the instructions in the special verdict. See Appendix A, Model Jury Instructions.

2.     Instruction 402.16b should be given when the parties agree that the statute applies or when the court has ruled it applies as a matter of law.

3.     Negligence of a patient, which contributes to or causes the medical condition for which treatment is sought, is not available as a defense (as comparative negligence) to subsequent medical negligence which causes a distinct injury. See, *e.g.*, *Norman v. Mandarin Emergency Care Ctr., Inc.*, 490 So. 2d 76 (Fla. 1st DCA 1986); *Matthews v. Williford*, 318 So. 2d 480 (Fla. 2d DCA 1975); but see *Vandergrift v. Fort Pierce Mem. Hos., Inc.*, 354 So. 2d 398 (Fla. 4th DCA 1978). Rare circumstances may arise, involving a patient's negligence after emergency care or treatment has begun, in which comparative negligence is a legitimate issue. See generally *Whitehead v. Linkous*, 404 So. 2d 377 (Fla. 1st DCA 1981).

4.     Pending further developments in the law, the committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. If the court decides that comparative negligence is a defense, then an instruction on simple negligence should be given.

5.     "Reckless disregard," as defined and used in the context of *F.S.* 768.13(2)(b), does not appear to have the same meaning as reckless disregard when used in the context of standards for punitive damages. See Fla. Std. Jury Instr. (Civ.) 501.12 and 501.13.