412 So.2d 965 (1982)
Rafiel MENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1226.
District Court of Appeal of Florida, Second District.
April 21, 1982.
Jerry Hill, Public Defender, Bartow, and Samuel R. Mandelbaum, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Rafiel Mendez appeals his conviction and sentence for attempted second-degree murder of a police officer. We reverse.
The officer, Robert E. Pennington, a key witness, testified that he and another officer responded to a call from a night watchman at Instant Credit Motors in Tampa that someone was stealing tires from a van at the car lot. When they arrived they heard a noise from the van and the night watchman shouted, "`He is there.'" Pennington observed a suspect, appellant, running, and the officers yelled, "`Halt. Police. Halt.'" Pennington feared for his own personal safety and took out his gun and had it down at his side. He then heard a noise which he thought might have been a shot. Appellant went over a high brick wall and continued to run. Then he suddenly stopped, turned around, and fired a *966 shot. Pennington raised his gun and returned fire with two fast rounds, which hit appellant in the stomach. Pennington then jumped over the brick wall and approached appellant, who was in a sitting position with his hands in front of him. Appellant put his hands in the air, and the officer saw he did not have a firearm on him. Appellant said, "`I dropped it when you hit me.'" A revolver was found about seven to eight feet from appellant. Pennington did not hear a bullet from appellant's gun strike anything or go past him. He did not know by how much the bullet missed him. He was relieved of duty, which he said is standard operating procedure any time an officer fires a weapon.
Detective B.D. Fletcher's tape-recorded statement from appellant stated that he was trying to find some tires and suddenly someone was shining a light at him. Appellant didn't know who it was, so he jumped over a fence. As he was falling from the fence, his gun went off, but it did not go off until he was on the other side of the fence. Appellant was not aiming at anybody.
Detective Fletcher testified that he and other detectives searched the whole area for bullets and failed to find any.
Pennington had been the subject of several internal investigations in the past. He had been suspended for allegedly beating a suspect at police headquarters while the suspect's arms were handcuffed behind his back. He had received a ten-day suspension without pay for taking a gun from another police officer in his gun store. He was under another investigation for pulling a revolver on a student who had run a stop sign; the officer said he thought the suspect had a revolver when he actually had only a pair of pliers. Appellant's attorney proffered this evidence of Pennington's prior use of excessive force, arguing that this evidence would show Pennington's motives for testifying as he did. The trial court sustained the state's objection to the proffered evidence. This was error.
Whenever a witness takes the stand, he ipso facto places his credibility in issue. Baxter v. State, 294 So.2d 392 (Fla. 4th DCA), cert. denied, 303 So.2d 26 (Fla. 1974), cert. denied, 420 U.S. 981, 95 S.Ct. 1412, 43 L.Ed.2d 664 (1975). Cross-examination of such a witness in matters relevant to credibility ought to be given a wide scope in order to delve into a witness's story, to test a witness's perceptions and memory, and to impeach that witness. United States v. Williams, 592 F.2d 1277 (5th Cir.1979). Limiting the scope of cross-examination in a manner which keeps from the jury relevant and important facts bearing on trustworthiness of crucial prosecution testimony is improper, especially where the cross-examination is directed at a key prosecution witness. Truman v. Wainwright, 514 F.2d 150 (5th Cir.1975); Stripling v. State, 349 So.2d 187 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1220 (Fla. 1978). The right of full cross-examination is absolute, and the denial of that right may easily constitute reversible error. Coxwell v. State, 361 So.2d 148 (Fla. 1978). Most important, a defendant should be afforded wide latitude to demonstrate bias or a possible motive of the witness to testify as he has. Blair v. State, 371 So.2d 224 (Fla. 2d DCA 1979).
In Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), the first district held that evidence indicating that a police officer had been disciplined or sued for use of excessive force while on duty is relevant to a charge of resisting arrest with violence.
In the instant case, evidence of Pennington's prior suspensions without pay for use of excessive force would have provided the jury with a highly plausible motive for Pennington's misrepresentation of the true facts surrounding the shooting incident. If appellant had not actually shot directly at Pennington first, as Pennington had claimed, the jury could have inferred that Pennington would have again been suspended or even dismissed for frivolously shooting appellant in the stomach. Without this evidence, the jury had no reason to seriously question Pennington's version of the incident. Thus, the jury was presented with an incomplete picture of all the facts. We do not agree with the state's contention *967 that the trial court's error in excluding the proffered evidence was harmless under the circumstances.
Accordingly, appellant's judgment and sentence is REVERSED and the cause REMANDED for a new trial.
HOBSON, A.C.J., and DANAHY, J., concur.