636 So.2d 75 (1994)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Sandra J. RESNICK, Appellee/Cross-Appellant.
Nos. 93-45, 93-252 and 93-366.
District Court of Appeal of Florida, Third District.
March 22, 1994.
Rehearing Denied June 7, 1994.
*76 Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough and Geoffrey B. Marks, Miami, for appellant.
Marc L. Goldman, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
NESBITT, Judge.
Sandra Resnick was involved in an automobile accident. According to Resnick, at the time of the accident she was unaware that her automobile insurance had been cancelled for nonpayment of premium because she had not received the ten-day notice of cancellation, required by Section 627.728(3)(a), Florida Statutes (1993). When State Farm denied coverage, Resnick brought the instant action for declaratory judgment and damages. The primary issue at trial was whether the insurer, State Farm, had complied with the cancellation of insurance notice requirements prior to cancelling Resnick's insurance policy.
In the plaintiff's opening argument, Resnick's attorney made the following statement to the jury:
Now, you are also going to hear the statute as evidence because that is part of the evidence in this case and you are going to hear that the statute requires in order for a cancellation notice to be effective, that the insurance carrier must mail it to the insured and the agent. You are also going to hear another part of the statute which says that if the insurance carrier has proof of mailing of the notice  not that mail went out that day, but proof of mailing of the notice, that we can't even be here. We can't challenge it by saying we didn't get it if they have the proof that they mailed that notice. That would be called summary judgment and part of the record in this case is an order where the judge has already determined that they didn't have that. (emphasis added.)
On the premise that the emphasized remark irreparably prejudiced the jury, defense counsel immediately objected and moved for a mistrial. The trial court sustained the objection but denied the motion for mistrial, giving a curative instruction to the jury to disregard the statements plaintiff's counsel made in reference to anything contained in the court file, particularly any orders or determinations made by the court. At the conclusion of proof at trial, State Farm moved for a directed verdict on the grounds that it had complied with the statutory mailing requirements. The trial court denied the motion, and the jury returned a verdict in favor of Resnick on the issue of whether notice had actually been mailed.
On cross-appeal, Resnick appeals the trial court's denial of her motion in limine to exclude a copy of the notice of cancellation. We find that because the appellee/cross appellant has not substantiated any claim, under Sections 90.953 and 90.954, Florida Statutes (1993), that the appellant destroyed the original cancellation notice in bad faith, or that there is some genuine question about the authenticity of the original, the trial court's decision to admit the copy was correct.
State Farm claims two errors at trial require reversal of the case under review. First, the insurer claims that the trial judge erred in denying the insurer's motion for directed verdict on the issue of compliance with statutory cancellation requirements. Second, the insurer claims that the trial judge erred in denying the insurer's motion for mistrial based upon the comment, reproduced above, made by insured's counsel during opening statement.
A party moving for directed verdict admits not only the facts stated in the evidence presented but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence. Nelson v. Ziegler, 89 So.2d 780, 782 (Fla. 1956). A motion for directed verdict must be denied if the evidence is conflicting or different conclusions can be drawn from it. Azar v. Richardson Greenshields Securities, Inc., 528 So.2d 1266, 1269 (Fla. 2d DCA 1988). At trial, State Farm's *77 computer printout showed that 1,655 cancellation notices were issued to be mailed, while the postmaster verified that only 1,587 envelopes were actually mailed.[1] Given the discrepancy between the computer printout and the postmaster's envelope count, the jury could reasonably draw different conclusions from this evidence, and the trial court properly denied State Farm's motion for a directed verdict.
We do, however, agree that a mistrial should have been ordered, in light of the comment made by insured's counsel during his opening statement. The issue before the judge on State Farm's motion for summary judgment was whether State Farm had sufficiently shown compliance with statutory mailing requirements. The issue before this jury was whether or not State Farm actually mailed the cancellation notice to the plaintiff. These two issues, legal compliance with statutory mailing requirements and actual mailing, are closely related. Given evidence that sixty-eight State Farm cancellation notices were unaccounted for, a jury weighing the evidence of whether a particular cancellation notice had actually been mailed could be significantly influenced by being told that the trial judge, at an earlier stage of the proceedings, had concluded that the insurer had not proven its statutory mailing obligation as a matter of law.
In general, the trial court has broad discretion to determine whether to grant or deny a motion for mistrial and a mistrial should not be granted unless an absolute legal necessity to do so exists. Ratley v. Batchelor, 599 So.2d 1298, 1302 (Fla. 1st DCA 1991), on rehearing in part (1991); McDonald Construction Co. v. Seaboard Coast Line, 375 So.2d 856 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1198 (Fla. 1980). In this case, however, the remarks by defense counsel were such that an objection and instructions to disregard them could not cure the resulting prejudice. See Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990); see also Seaboard Air Line R.R. Co. v. Strickland, 88 So.2d 519, 523 (Fla. 1956); Ratley, 599 So.2d at 1302. The trial judge is the dominant figure responsible for the management, direction, and control of the proceedings. In the adversary system, the jury looks to the trial judge for guidance. A comment of this nature, made at the beginning of the proceedings, can have a marked tendency to influence a jury in its analysis of the issue. See e.g., Collins Fruit Co. v. Giglio, 184 So.2d 447 (Fla. 2d DCA 1966). We find the harm engendered by the comment made during opening statement is sufficiently pervasive and prejudicial to negate any curative value the judge's subsequent instructions might have had. Accordingly, we reverse the order under review and remand for a new trial.
NOTES
[1] The use of computer printouts as secondary evidence has been approved by the Florida Supreme Court in Insurance Co. of North America v. Cooke, 624 So.2d 252 (Fla. 1993).