688 So.2d 963 (1997)
Ernest HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2645.
District Court of Appeal of Florida, First District.
February 25, 1997.
*964 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Thomas Crapps, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Appellant challenges his convictions and sentences for three counts of attempted murder of a law enforcement officer, one count of aggravated assault on a law enforcement officer with a firearm, and three counts of shooting into a vehicle. We reverse and remand for a new trial on all charges.
Appellant was charged by information with five counts of aggravated assault on a law enforcement officer, five counts of attempted murder of a law enforcement officer, four counts of shooting into a vehicle, one count of possession of a firearm during a felony, and one count of possession of a firearm by a convicted felon.[1] All of the charges arose from a car chase during which shots were fired at Deputy C.W. Phillips. After trial, appellant was found guilty as charged of three counts of attempted murder of a law enforcement officer, four counts of aggravated assault on a law enforcement officer, three counts of shooting into a vehicle, and one count of possession of a weapon by a convicted felon. After the jury's verdict, the state elected to have appellant adjudicated guilty of the charges of attempted murder of a law enforcement officer. The trial court then granted a post-verdict judgment of acquittal on the three counts of aggravated assault on a law enforcement officer and on the count of possession of a firearm during a felony. Appellant was sentenced on the three counts of attempted murder of a law enforcement officer to three consecutive terms of life imprisonment (with 25-year minimum mandatories), on the one count of aggravated assault to a concurrent term of 180 months of imprisonment, and on the three counts of shooting into a vehicle to concurrent terms of 180 months.
The convictions for attempted murder of a law enforcement officer are the subject of the first issue raised in this appeal. Section 784.07, Florida Statutes (1993), addresses attempted murder of a law enforcement officer and makes the crime a life felony:
(3) Notwithstanding the provisions of any other section, any person who is convicted of attempted murder of a law enforcement officer engaged in the lawful performance of his duty or who is convicted of attempted murder of a law enforcement officer when the motivation for such attempt was related, all or in part, to the lawful duties of the officer, shall be guilty of a life felony, punishable as provided in s. 775.0825.
Section 775.0825 in turn provides for a twenty-five year mandatory minimum term of imprisonment:
Any person convicted of attempted murder of a law enforcement officer as provided in s. 784.07(3) shall be required to serve no less than 25 years before becoming eligible for parole. Such sentence shall not be subject to the provisions of s. 921.001.
At trial herein, the jury was charged on the alternative theories of attempted first-degree premeditated murder, attempted second-degree murder, and attempted felony murder. In addition, the trial court instructed the jury that it was not necessary for the state to prove that appellant had a premeditated design or intent to kill. The verdict form contained no provision for a finding of premeditation, and no lesser degrees of the charged offense, but allowed simply for a finding of guilt or non-guilt.
Prior to the Florida Supreme Court's decision in State v. Iacovone, 660 So.2d 1371 (Fla.1995), case law provided that the enhanced sentencing provisions of section 784.07(3) applied to all degrees of attempted murder of a law enforcement officer. In Iacovone, however, the court held that the enhanced sentencing provided for in section 784.07(3) applies only to attempted first-degree *965 murder convictions. In light of State v. Iacovone, and State v. Gray, 654 So.2d 552 (Fla.1995) (holding that there is no crime of attempted felony murder in Florida), it is now apparent that one may be convicted of a violation of section 784.07(3) only if it is established that the murder attempted satisfies all of the elements found in that section and, in addition, the elements of first-degree premeditated murder. See Moody v. State, 679 So.2d 23 (Fla. 1st DCA 1996). In the case sub judice, if the jury intended to convict appellant under any theory but first-degree attempted murder, then the enhanced sentencing provisions of section 784.07(3) were not applicable. Because it is impossible to determine which of the three alternative theories the jury accepted, we must remand for retrial the charges of attempted murder of a law enforcement officer.[2]
We address appellant's second and third issues together. Under issue two, appellant asserts that the trial court erred in ruling inadmissible certain evidence that Deputy Phillips had been involved in two prior police shooting incidents. In issue three, appellant claims that the trial court erred in instructing the jury, over a defense objection, on the justifiable use of force by a law enforcement officer. Prior to trial, the state filed a motion in limine to preclude the defense from calling two defense witnesses (Gregory Jackson and Patrick Young) who would testify that they were shot by Deputy Phillips without provocation prior to the instant incident. The trial court granted the motion to the extent that the two witnesses could not testify unless the state opened the door to the introduction of the evidence, but denied the motion to the extent that the defense would be permitted to cross-examine Deputy Phillips concerning the two incidents. During cross-examination, Deputy Phillips testified that he had been involved in other police shootings and that he had been interviewed by Internal Affairs with regard to same. Phillips testified that, following the incident with appellant, he knew he would be investigated again. The state objected and asked that any further testimony on this subject be proffered. The state renewed its motion in limine concerning evidence of the two other shooting incidents involving Deputy Phillips. Defense counsel argued that he should be allowed cross-examination into this area because the prior shootings went to the "relative perception of Deputy Phillips as to what was going to happen." The court ruled that the defense would be permitted to ask Deputy Phillips whether he had been the subject of previous internal investigations regarding past shootings, but that no details of the shootings would be admissible unless Phillips opened the door to such testimony. Defense counsel then requested the opportunity to proffer the testimony of Phillips. Upon proffered cross-examination, Phillips testified that he was involved in a shooting with Gregory Jackson in 1990. He approached Jackson from behind, and when Jackson raised up a gun, Phillips shot him. Phillips averred that this prior incident was not on his mind during the instant incident. Phillips testified he was also involved in a shooting incident with Patrick Young in 1992. Young was in a vehicle that drove toward Phillips, compelling Phillips to fire at Young. At the completion of the proffered testimony, the trial court ruled that defense counsel could ask Deputy Phillips whether he had been reviewed by Internal Affairs, but that a response to this question did not open the door to questioning about the details of the shootings. On continued cross-examination, Deputy Phillips testified that he was not concerned about being investigated by Internal Affairs with regard to the instant shooting. Upon re-direct examination by the prosecution, Deputy Phillips testified that he had been cleared of any wrongdoing with regard to the prior shootings.
Appellant argues that the trial court reversibly erred in excluding the testimony of Gregory Jackson and Patrick Young, and in limiting the cross-examination of Deputy Phillips regarding the details of the earlier incidents. Appellant asserts that this evidence was relevant to impeach Deputy Phillips' testimony that appellant and his co-defendant fired first. Appellant also argues that the prosecution should not have been allowed to present evidence that Deputy *966 Phillips had been cleared in the shootings where the defense was not allowed to inquire into the details surrounding the incidents. Appellant's theory of defense was that Deputy Phillips shot twice at him, and that he at no time shot at Phillips. A defendant should be afforded wide latitude in demonstrating bias or possible motive on the part of a witness. Landry v. State, 620 So.2d 1099 (Fla. 4th DCA 1993)(error to refuse to allow defense to cross-examine police officer about past investigation by the FBI where he had been suspected of using excessive force). Where there is an issue of whether or not excessive force was used by a police officer, prior investigations into the officer's use of excessive force in other cases are relevant. Id. See also Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982)(exclusion of evidence of police officer's prior suspension for use of excessive force was reversible error where such evidence would have provided jury with plausible motive for police officer's misrepresentation of true facts surrounding shooting incident). After reviewing the depositions of Gregory Jackson and Patrick Young, and upon consideration of the proffered cross-examination testimony of Deputy Phillips, we agree with appellant that the trial court erred in excluding this evidence. While we make no comment on the merits of appellant's defense to the charges against him, we find that sufficient evidence is shown by the record herein to require submission to the jury of the excluded evidence bearing on the credibility and possible bias of Deputy Phillips. Reversal as to this error renders a new trial necessary on the remaining convictions.
On issue three, the state argues that the jury instruction on justifiable use of force by a law enforcement officer was proper because a part of appellant's defense was that Officer Phillips used excessive force. Appellant, in his reply brief, argues that it is inconsistent for the state to claim that evidence of the two prior shootings was irrelevant because Officer Phillips did not use excessive force in the instant case, and also to claim that the jury should have been instructed on excessive force. In light of our reversal on issue two, we conclude that an instruction on justifiable use of force would be proper on retrial.
In light of our disposition herein, we find appellant's fourth issue, claiming a calculation error in the sentencing guidelines scoresheet, to be moot.
REVERSED and REMANDED for a new trial.
WEBSTER and PADOVANO, JJ., concur.
NOTES
[1] The following counts were nol prossed prior to trial: possession of a firearm by a convicted felon, one count of aggravated assault, one count of attempted murder, and one count of shooting into a vehicle.
[2] The state concedes error on this issue.