857 So.2d 308 (2003)
Christopher HINOJOSA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3787.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*309 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Christopher Hinojosa seeks review of the final judgment adjudicating him guilty of obstructing a law enforcement officer with violence and assault on a law enforcement officer. We conclude the trial court erred in preventing Hinojosa's counsel from cross-examining the alleged assault victim, Officer Preyer, on prior complaints and investigations of excessive force lodged against the officer.
The offenses are alleged to have occurred after two officers encountered Hinojosa in the street near his home while investigating a disturbance complaint involving Hinojosa and his roommate. Officer Sandel testified that Hinojosa appeared agitated when he first arrived on the scene, but Officer Sandel spoke to Hinojosa and was able to calm him down. As Officer Sandel, Hinojosa, and a neighbor began walking back toward Hinojosa's house, the scene of the disturbance, Officer Preyer arrived as backup. As the group approached the house, Hinojosa saw his roommate standing outside and again became agitated. The officers testified that they stopped Hinojosa and tried to calm him down, but Hinojosa became belligerent and threatened to strike Officer Preyer. The officers then detained and handcuffed Hinojosa after some struggle. Hinojosa denies the charges, claiming the officers were the aggressors; this defense was supported by the testimony of two eyewitnesses, the neighbor and Hinojosa's roommate.
A trial court has wide discretion in areas concerning the admissibility of evidence, and such rulings will not be disturbed absent an abuse of discretion. Welty v. State, 402 So.2d 1159, 1162-63 (Fla.1981). A court's discretion is limited, however, by the rules of evidence. Nardone *310 v. State, 798 So.2d 870 (Fla. 4th DCA 2001). Section 90.608(2), Florida Statutes (2001), provides that "[a]ny party ... may attack the credibility of a witness by ... showing that the witness is biased." A defendant should be afforded wide latitude to cross-examine in matters relevant to credibility, particularly in the demonstration of bias or possible motive on the part of a witness. Mendez v. State, 412 So.2d 965, 966 (Fla. 2d DCA 1982); Henry v. State, 688 So.2d 963, 966 (Fla. 1st DCA 1997). "The right of full cross-examination is absolute, and the denial of that right may easily constitute reversible error." Mendez, 412 So.2d at 966.
Where there is an issue of whether or not excessive force was used by a law enforcement officer, prior investigations into the officer's use of excessive force in other cases are relevant. Mendez, 412 So.2d at 966; Henry, 688 So.2d at 966 (citing Landry v. State, 620 So.2d 1099 (Fla. 4th DCA 1993)). In Mendez, this court reversed a conviction of attempted second-degree murder of a law enforcement officer where the trial court excluded evidence of the officer's record of numerous internal investigations and a suspension for use of excessive force on a suspect. 412 So.2d 965. In reversing the conviction, we noted that such evidence would have provided the jury with a plausible motive for the officer's misrepresentation of the facts surrounding the shooting incident in the case. Id. at 966; see also Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981) (holding evidence indicating that an officer had been disciplined or sued for use of excessive force while on duty is relevant to a charge of resisting arrest with violence).
In this case, counsel for Hinojosa was prohibited from cross-examining two law enforcement officers regarding prior complaints and investigations against the officers. The issue was properly preserved only as to Officer Preyer, the alleged assault victim.
Hinojosa's defense was that Officer Preyer was in fact the aggressor in the assault incident and that he used excessive force on Hinojosa. Two witnesses testified to this version of events. Hinojosa should have been afforded wide latitude in cross-examining Officer Preyer as to prior complaints and investigations. The excluded evidence could have provided the jury with a plausible motive for Officer Preyer's misrepresentation of the assault incident. Prior investigations into Officer Preyer's use of excessive force were thus relevant to the case, and the trial court abused its discretion by prohibiting cross-examination on the investigations. Accordingly, Hinojosa's judgment and sentence is reversed and the cause remanded for a new trial. Our disposition makes it unnecessary for us to reach the second issue raised on appeal concerning statements made at closing.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.