884 So.2d 83 (2004)
Ford MICHAEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2624.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*84 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Ford Michael seeks review of the final judgment and sentence adjudicating Michael guilty of resisting arrest without violence and disorderly intoxication. Because the trial court abused its discretion in preventing Michael from cross-examining the arresting officer about prior complaints of excessive force lodged against him, we reverse the conviction and remand for a new trial.
Michael was charged with resisting an officer with violence and disorderly intoxication. A jury convicted him as charged of disorderly intoxication and of the lesser offense of resisting an officer without violence. Michael and the arresting officer were the only two witnesses, and their stories conflicted. Michael's version of the events surrounding his arrest was that the officer became violent with Michael while questioning him, throwing Michael to the ground, kicking him, choking him, hitting him in the face with handcuffs, and stomping on his legs. This is in conflict with the officer's testimony that Michael threw a punch at the officer when he attempted to arrest Michael for disorderly intoxication.
At trial, defense counsel was prevented from questioning the officer about prior complaints of excessive force which had been lodged against him. During jury deliberation, the first opportunity afforded by the trial court, defense counsel proffered questions relating to five separate complaints of excessive force leveled against the officer by five named complainants between August 1999 and March 2003. The complaints included such conduct as kicking, breaking ribs, hitting in the head with a flashlight, spitting, and choking.
Although a trial court's decision on evidence admissibility is subject to the abuse of discretion standard of review, that discretion is limited by the rules of evidence. Sexton v. State, 697 So.2d 833 (Fla.1997); Hinojosa v. State, 857 So.2d 308, 309 (Fla. 2d DCA 2003) (citing Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001)). "The defendant has a right to discredit a witness by showing bias, an interest, and a possible ulterior motive for his testimony," Caton v. State, 597 So.2d 412, 413 (Fla. 4th DCA 1992) (quoting *85 Phillips v. State, 572 So.2d 16, 17 (Fla. 4th DCA 1990)), and denial of the right to full cross-examination in matters relevant to credibility may easily constitute reversible error. Hinojosa, 857 So.2d at 310.
"Where there is an issue of whether or not excessive force was used by a law enforcement officer, prior investigations into the officer's use of excessive force in other cases are relevant." Id. at 310; Henry v. State, 688 So.2d 963, 965-66 (Fla. 1st DCA 1997). Specifically, the officer may have been motivated by the desire to avoid another complaint which could have led to disciplinary action. See, e.g., Mendez v. State, 412 So.2d 965, 966 (Fla. 2d DCA 1982).
In this case, the proffered questions regarding the officer's five prior complaints of excessive force could have provided the jury with a plausible motive for the officer to misrepresent the facts of the incident in an effort to avoid another excessive force complaint. The trial court abused its discretion in preventing Michael from cross-examining the officer regarding this possible motive. Moreover, because this case came down to a "swearing match" between Michael's version of events and the officer's version, we cannot say the trial court's error was harmless beyond a reasonable doubt. See Chadwick v. State, 680 So.2d 567 (Fla. 1st DCA 1996). Accordingly, we reverse and remand for a new trial.
CASANUEVA and WALLACE, JJ., Concur.