877 So.2d 871 (2004)
Eric DE LA PORTILLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2100.
District Court of Appeal of Florida, Third District.
July 14, 2004.
*872 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before SHEVIN, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Eric de la Portilla appeals his final judgment of conviction and sentence that followed a jury guilty verdict of battery on a police officer, resisting an officer with violence, and a guilty verdict of resisting an officer without violence. Because there is no reversible error in the trial courts rulings on the scope of the cross-examination of adverse witnesses at trial, or in the trial courts findings at sentencing, we affirm.
During the cross-examination at trial of police officer Gustavo Carreras, defense counsel inquired of Officer Carreras whether he had ever been under investigation for the use of force. The prosecution objected. At sidebar, defense counsel proffered that Officer Carreras had been the subject of four use of force investigations and that the allegations involved a broken bone, bruises or abrasions, unrelated injury, and sprain or strain. Defense counsel also proffered that the other officers involved in the subject incident had also been involved in similar use of force investigations. The defense argued that the prior investigations went directly to the issue of the bias and motive of the officers to testify falsely. The trial court ruled that defense counsel could not cross-examine the officers about any prior investigations in which the charges of excessive use of force consisted of unfounded allegations.
The trial court heard further argument from the parties and reviewed legal authority on the proper scope of cross-examination on the issue of prior investigations that involved unsubstantiated claims of excessive use of force. The trial court then allowed defense counsel to inquire into the officers prior instances that involved excessive use of force and ruled as follows:
THE COURT: I will allow the defense then to go into the prior instances and if what you are telling me is correct, the witness will say that they are unsubstantiated and that's it.
Over the States objection, the Court further ruled as follows:
THE COURT: The defense will be allowed to go into the pending investigation as permitted by some of the cases that the defense has provided me, including the Mosley [v. State] case from the Third District cited at 616 So.2d 1129, Third District, 1993.
Officer Carreras cross-examination continued. Defense counsel questioned him about the departmental process used when a use of force report is filed. Defense counsel also asked Officer Carreras whether he recalled 1997 use of force reports. Officer Carreras did not recall. The following transpired:

*873 DEFENSE COUNSEL: Let me see if this jogs your memory. There was a use of force for hands and arms and injury with some broken bones and fracture.
PROSECUTOR: Objection, Judge. Improper impeachment.
DEFENSE COUNSEL: I am not trying to impeach him.
At sidebar, the following transpired:
THE COURT: Counsel, are these all the allegations that were substantiated?
DEFENSE COUNSEL: I believe he answered.
THE COURT: He said they were substantiated, they were because of incidents prior or he didn't say how many, but in particular as far as an open investigation, I will allow it.
DEFENSE COUNSEL: Am I allowed to ask him how many times they were substantiated? I can go into them?
THE COURT: Yes.
PROSECUTOR: Judge, I would ask for a curative instruction based on asking about broken bones.
The court instructed the jury to disregard defense counsels last question in its entirety. Officer Carreras subsequently testified that he had been subjected to prior use of force complaints and that the use of force complaint that de la Portilla initiated remained pending.
On re-direct examination, Officer Carreras testified that the initiation of a complaint was quite simple and that such complaints were common in battery on a law enforcement officer cases. He testified about the officers arrest of de la Portilla and their use of force.
Two other officers involved in de la Portillas arrest also testified. Defense counsel likewise questioned these officers about the officers prior investigations into their use of excessive force. Officer Yaniel Hernandez testified that he had complaints filed against him for excessive use of force, but that none of those complaints had ever been substantiated. He also testified that de la Portillas complaint against him for use of excessive force was pending. Officer Jorge Carreno testified that he had other prior complaints filed against him, but that de la Portillas complaint was the first complaint for use of excessive force which he had received in his fifteen years of service. De la Portilla testified that he had not used any violence against the officers when they arrested him, and that the officers had beaten him after they handcuffed him.
The defense moved for a judgment of acquittal and renewed its objection to the trial courts refusal to allow the defense to examine the officers about the officers prior use of force investigations. The court overruled the defense objection because the prior complaints were unsubstantiated and the States inquiries had not opened the door to permit the defenses line of questioning.
De la Portilla argues that the trial court refused to allow the defense to impeach the officers testimony by questioning them about their prior police investigations into the use of excessive force, and that this type of questioning was relevant to the officers credibility to demonstrate the officers bias and motive for testifying. He further argues that the trial court refused to allow the defense to inquire into the details of those prior investigations.
We do not agree with de la Portilla that the trial court abused its discretion in its ruling on the scope of the cross-examination of the police officers regarding the officers prior investigations for the use of excessive force. See Hinojosa v. State, 857 So.2d 308 (Fla. 2d DCA 2003) (concluding that the trial court erred in preventing Hinojosa's counsel from cross-examining *874 the alleged assault victim, Officer Preyer, on prior complaints and investigations of excessive force lodged against the officer). We recognize that a defendant has the absolute right to conduct a full and fair cross-examination. Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982). It is thus reversible error for the trial court to prohibit cross-examination "when the facts sought to be elicited are `germane to that witness' testimony and plausibly relevant to the theory of defense.'" Bertram v. State, 637 So.2d 258, 260 (Fla. 2d DCA 1994) (citation omitted); Powe v. State, 413 So.2d 1272, 1273 (Fla. 1st DCA 1982). The trial court, however, has control over the scope of the cross-examination and the trial court's rulings are not subject to review unless there is a clear abuse of discretion. Ho Yin Wong v. State, 359 So.2d 460, 461 (Fla. 3d DCA 1978).
A close examination of the record does not support de la Portillas claim that the trial court restricted defense counsels cross-examination of the officers and did not permit him to inquire into the details of the officers prior investigations into excessive use of force. The trial court in this case permitted defense counsel to inquire into the officers prior and pending use of excessive force investigations. Three officers testified that they had been subjected to prior use of excessive force complaints, and that they knew that de la Portillas complaint filed against them remained pending. Defense counsel thus had the opportunity to question the officers about their prior complaints for use of excessive force, and the testimony about the officers prior complaints was admitted into evidence and considered by the jury.
Additionally, defense counsel never proffered what additional questions he wanted to propound to the witness which the trial court did not allow him to ask and likewise did not proffer what that witness' testimony would have been. Such a proffer "is necessary to preserve a claim [for appellate review] because an appellate court will not otherwise speculate about the admissibility of such evidence." Lucas v. State, 568 So.2d 18, 22 (Fla.1990). See also Cardenas v. State, 816 So.2d 724 (Fla. 1st DCA 2002); A.McD. v. State, 422 So.2d 336, 338 (Fla. 3d DCA 1982)(stating that a trial court's restriction on cross-examination does not constitute fundamental error "where the party fails to make an offer of proof since, as a result of this failure, there is an absence of material in the record to disclose the error."). Furthermore, whatever limitations may have been imposed on defense counsels cross-examination of the officers were harmless beyond any reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We likewise find no error in the trial courts finding that de la Portilla qualified as a violent career criminal. The State presented evidence which established de la Portillas qualification as a violent career criminal by a preponderance of the evidence, and this evidence was unrefuted. See Brown v. State, 789 So.2d 366, 367 (Fla. 2d DCA 2001); Stabile v. State, 790 So.2d 1235, 1238 (Fla. 5th DCA 2001).
We therefore affirm.