SHEPHERD, J.
O.R. appeals an adjudication of delinquency for battery on a law enforcement officer and resisting an officer without violence. During his bench trial, O.R. argued that the complaining police officer used excessive force in detaining him, thereby excusing O.R.’s conduct as self-defense. During cross-examination of the complaining officer, O.R. was precluded from cross-examining the officer about other acts of misconduct. Moreover, the trial court refused to allow O.R. to proffer the testimony he intended to elicit.
We conclude that the trial court erred by denying the proffer. Jackson v. State, 881 So.2d 711 (Fla. 3d DCA 2004). There are some circumstances under which other matters may be the legitimate subject of cross-examination in a case of this type. See, e.g., Mosley v. State, 616 So.2d 1129 (Fla. 3d DCA 1993). However, we are unable to review the alleged error absent a proffer. De la Portilla v. State, 877 So.2d 871, 874 (Fla. 3d DCA 2004) citing Lucas v. State, 568 So.2d 18, 22 (Fla.1990) (“[a] proffer ‘is necessary to preserve a claim [for appellate review] because an appellate court [may] not [] speculate about the admissibility of such evidence’ ” absent a proffer). Accordingly, we reverse and remand the adjudication of delinquency for a new trial on the merits. In so doing, we do not express any view as to the admissibility of any evidence that may be elicited by the proffer.
Reversed and remanded for a new trial.