909 So.2d 580 (2005)
Judith A. LLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3816.
District Court of Appeal of Florida, Second District.
September 2, 2005.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant *581 Attorney General, Tampa, for Appellee.
CANADY, Judge.
Judith A. Lloyd appeals the final order of probation entered against her following a jury trial. Because the trial court improperly excluded evidence that could have shown bias on the part of a witness, we reverse and remand.
Lloyd was charged with assault with a deadly weapon following an incident in which Lloyd allegedly attempted to hit her husband, John Lloyd, with a pick-up truck. In addition to Judith and John Lloyd, two other persons witnessed the event: Christopher Lloyd, the son of John Lloyd and the stepson of the defendant, and John Lloyd Jr., the son of the defendant and John Lloyd. At trial, the defendant and the victim both testified. Testimony was also given by Christopher and John Jr.
Prior to the trial, the court held a hearing on the State's motion in limine to prohibit defense counsel from questioning John Jr. about a physical altercation between him and the defendant. Defense counsel opposed the motion, arguing that he wanted to question John Jr. about the incident for impeachment purposes and to show bias. The State argued that the evidence would constitute an impermissible attack on the witness's character. The trial judge ultimately granted the motion, finding that the incident was not relevant unless defense counsel planned to make a self-defense argument.
We conclude that the trial court improperly granted the State's motion in limine to prohibit questioning about the prior incident involving the defendant and her son, John Jr. Section 90.608(2), Florida Statutes (2004), specifically permits a party to attack the credibility of a witness by "[s]howing that the witness is biased." "Bias or prejudice of a witness has an important bearing on his credibility, and evidence tending to show such bias is relevant." Webb v. State, 336 So.2d 416, 418 (Fla. 2d DCA 1976). "A defendant should be afforded wide latitude in demonstrating bias ... on the part of a witness." Henry v. State, 688 So.2d 963, 966 (Fla. 1st DCA 1997). Because defense counsel sought to ask John Jr. about the incident to show animosity between him and the defendant and to show a possible bias against her, the trial court abused its discretion in granting the State's motion in limine and preventing such questioning.
The State contends that even if the trial court's ruling on the motion in limine was erroneous the error was harmless. "Application of the [harmless error] test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied. . . ." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The harmless error test places the burden on the State as beneficiary to the errorto show beyond a reasonable doubt that the error did not contribute to the verdict. Id.
Based on our review of the record, we conclude that the State cannot meet the burden of establishing that this error was harmless beyond a reasonable doubt. While it might have appeared to the jury that John Jr.as the son of both the victim and the defendantwould be a neutral witness, the testimony which the defense sought to introduce would have shown that John Jr. previously had physically assaulted the defendant. Had the jury known about that incident, the possibility exists that the jury could have found John Jr. harbored animosity towards the defendant and that he was a biased witness. Although the testimony of all the witnesses other than the defendant was *582 adverse to the defendant, we cannot conclude beyond a reasonable doubt that the jury would have reached a guilty verdict had the testimony relating to the bias of John Jr. been admitted. Accordingly, we reverse Judith Lloyd's judgment and sentence and remand for a new trial.
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.