976 So.2d 1204 (2008)
Queshia JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3822.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
*1205 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Queshia Joseph, appeals a conviction for resisting with violence, asserting evidentiary and jury instruction errors below. Joseph was arrested after an altercation with police occurring while the police were arresting her brother. At trial, Joseph argued the police used excessive force in arresting her brother, leading to her involvement in the situation, and used excessive force when arresting her. As part of this defense, Joseph attempted to cross-examine all officer witnesses as to whether they had prior excessive use of force complaints filed against them. The trial court prohibited Joseph from even inquiring as to prior use of force complaints as none of the complaints filed against the officers had been verified or sustained. We find the trial court erred in limiting Joseph's cross-examination of the officers and reverse.
"Limitation of cross-examination is subject to an abuse of discretion standard." Moore v. State, 701 So.2d 545, 549 (Fla.1997). "A defendant should be afforded wide latitude in demonstrating bias or possible motive on the part of a witness." Henry v. State, 688 So.2d 963, 966 (Fla. 1st DCA 1997). "[C]ase law recognizes that exploration of bias in a criminal case allows for cross-examination into an `officer's use of excessive force in other cases,' `[w]here there is an issue of whether or not excessive force was used by a law enforcement officer' in the case at hand." Rowley v. State, 939 So.2d 298, 299 (Fla. 4th DCA 2006) (quoting Michael v. State, 884 So.2d 83, 85 (Fla. 2d DCA 2004)). "The right of full cross-examination is absolute, and the denial of that right may easily constitute reversible error." Mendez v. State, 412 So.2d 965, 966 (Fla. 2d DCA 1982).
In this case, the trial court allowed defense counsel to proffer the officers' testimony regarding prior use of force complaints but did not allow this evidence to go to the jury on the grounds that none of the complaints had been substantiated. All but one of the officers involved in the arrest had at least one prior use of force complaint filed against them, although none of the complaints had been sustained.
The trial court abused its discretion by not allowing defense counsel to question the officer witnesses as to whether they had prior use of force complaints lodged against them. "Where there is an issue of whether or not excessive force was used by a law enforcement officer, prior investigations into the officer's use of excessive force in other cases are relevant." Hinojosa v. State, 857 So.2d 308, 310 (Fla. 2d DCA 2003). While the State argues that this line of questioning is allowed only where the complaints have been substantiated, we disagree.
In De la Portilla v. State, trial court allowed defense counsel to bring out the fact that the officers had claims for excessive use of force previously filed against them. 877 So.2d 871, 872-73 (Fla. 3d DCA 2004). It is clear from the facts of the case that some, if not all, of the complaints were unsubstantiated. Id. at 872. Specifically, the trial court stated: "I will allow the defense then to go into the prior instances and if what you are telling me is correct, the witness will say that they are unsubstantiated and that's it." Id. However, the trial court did limit defense counsel's questioning of the officers by not allowing defense counsel to delve too deeply into the specifics of the prior complaints or investigations. Id. at 873-74.
*1206 In this case, three of the four police officers had prior use of force complaints lodged against them. Both of the officers who were directly involved with Joseph's arrest had prior use of force complaints lodged against them. Joseph's testimony was that she did not make any moves toward or against the officers, but rather was pushed into a trash can and onto the ground with no provocation on her part. Joseph's two brothers who were present at the scene also attested to this. As in De la Portilla, the existence of these prior complaints should have been relayed to the jury in light of the facts of this case. See Rowley, 939 So.2d at 300 ("The existence of other complaints about an officer provide [sic] a motive to color testimony `to avoid another complaint which could [lead] to disciplinary action' or another lawsuit"). At that point, the officers could testify that the complaints were unsubstantiated and further questioning regarding the complaints would cease.
Further, the trial court's limitation was not harmless error as there was a "reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The facts of the case were such that the officers' behavior was in question and any questioning that could have shed light on the discrepancies in testimony or the officers' credibility should have been allowed. The defendant in this case had no prior record and her defense to the charge against her was that the officers had used excessive force in arresting her. As the jury acquitted her of one of the charges, battery of a police officer, resulting in a mixed verdict, and there was not an overwhelming amount of evidence against her which might have made this line of questioning unnecessary, we find it was error to limit the defense's cross examination to this degree. See Antoury v. State, 943 So.2d 906, 909 (Fla. 5th DCA 2006).
We reverse the conviction on the basis of our findings above.
SHAHOOD, C.J., and MAY, J., concur.