PER CURIAM.
L.B., a juvenile, appeals the finding of delinquency for misdemeanor battery after the trial court denied his motion to amend the witness list to add the juvenile’s stepfather after the adjudicatory hearing had commenced, defense counsel had invoked the rule of sequestration and both sides had given their opening statements. L.B.’s stepfather, who had been sitting in the courtroom, announced that he “was there when it happened.” Defense counsel then spoke with the stepfather briefly and asked to amend the witness list to include the stepfather. The State objected. The court asked defense counsel whether the stepfather was “essential to [his] defense?” Defense counsel responded: “[h]e has information to the defense that corroborates the other defense witnesses’.” The trial court ruled that the Rule had been invoked and the stepfather had heard the opening statement. Defense counsel stated: “Okay, Your Honor.”
To preserve an issue for appeal, a litigant must make a timely, contemporaneous objection, stating a legal ground for that objection. The purpose for the rule is to “place the trial judge on notice that error may have been committed, and provide him an opportunity to correct it at an early stage of the proceedings.” Harrell v. State, 894 So.2d 935, 940 (Fla.2005). Here, L.B. did not make the argument in the trial court that he now advances on appeal-that the denial of his motion to amend the witness list violates his constitutional right to present witnesses on his behalf. The issue is therefore not preserved for appellate review.
The issue was also not preserved properly for appellate review because the defense did not proffer what the excluded testimony would have been. Such a proffer “is necessary to preserve a claim for appellate review because an appellate court will not otherwise speculate about the admissibility of such evidence.” de la Portilla v. State, 877 So.2d 871, 874 (Fla. 3d DCA 2004). Defense counsel merely stated that the witness had information that corroborated the other defense witnesses. Defense counsel never proffered what the excluded testimony might be or how it would be relevant or admissible at the hearing.
We also reject the argument that the denial of the motion constituted fundamental error. See State v. Johnson, 616 So.2d 1, 3 (Fla.1993) (“[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review *1163 and equivalent to a denial of due process.”).
Affirmed.