# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0828
Lower Tribunal No. 19-12058
_____

## Tower Hill Prime Insurance Company,
Appellant,

vs.

## Ivet Bermudez and Mario Bermudez,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Traub Lieberman Straus & Shrewsberry LLP, and Scot E. Samis (St. Petersburg); Zinober Diana & Monteverde, P.A., and Fredric S. Zinober and Paul S. Vicary (St. Petersburg), for appellant.

The Nation Law Firm, and Paul W. Pritchard and Mark A. Nation (Longwood), for appellees.

Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

## INTRODUCTION

Tower Hill Prime Insurance Company ("Tower Hill") appeals a final judgment entered in favor of its insureds, Ivet and Mario Bermudez ("the Insured"), following a jury trial on the Insured's claim for breach of their homeowners' insurance policy. Because no reversible error was committed during the trial, and because the verdict was supported by competent, substantial evidence, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, the Insured's home was insured by Tower Hill under an all-risk homeowners' policy when the Insured observed "cracking damage" to the home's interior. The Insured filed a claim with Tower Hill asserting the damage was caused by blasting vibrations from a nearby rock quarry. Upon inspection of the home, Tower Hill denied coverage, asserting the loss was excluded under the policy. The Insured filed suit for breach of contract against Tower Hill, asserting the policy did not exclude damage to the property caused by blasting vibrations. Tower Hill answered, asserting several affirmative defenses related to damage resulting from causes excluded from coverage under the policy, including "wear and tear, marring, and deterioration;" "settling, shrinking, bulging or expansion, including resultant cracking"; and "earth movement."

2

The case proceeded to a jury trial on the narrow issue of whether the cause of damage to the Insured's home was excluded from or not covered under the policy. Accordingly, the sole issue for the jury's determination was whether Tower Hill proved, by the greater weight of the evidence, that the cause or causes of damage to the Insured's home was excluded from, or not covered under, the insurance policy. The jury determined that Tower Hill did not prove that the cause of damage to the home was excluded or not covered, returning a verdict in favor of the Insured.[1] The trial court entered final judgment in accordance with the jury verdict. It later denied Tower Hill's motion for new trial, to set aside verdict, and for judgment in accordance with its earlier motion for directed verdict. This appeal followed.

**ANALYSIS AND DISCUSSION**

Among the issues raised on appeal, Tower Hill contends the trial court erred in (1) denying its motion for directed verdict on the policy's earth

---

[1] Because this was an all-risk policy, once the insured established that they suffered a loss while the policy was in effect, the burden shifted to the insurer to prove that the loss was excluded from coverage under the policy's terms. Sec. First Ins. Co. v. Czelusniak, 305 So. 3d 717, 718 (Fla. 3d DCA 2020); Mejia v. Citizens Prop. Ins. Corp., 161 So. 3d 576, 578 (Fla. 2d DCA 2014). In the instant case, the trial court directed a verdict in favor of the Insured on whether they suffered a loss during the policy period. The parties had stipulated to the amount of damages; thus, the only issue remaining for the jury's determination was whether Tower Hill proved the loss was excluded from coverage under the policy's terms.

3

movement exclusion and (2) instructing the jury that, even if certain *excluded causes* (e.g., "wear and tear, marring, deterioration; settling, shrinking, bulging or expansion") combined with the pertinent *covered cause* ("land shock waves from blasting") to damage the Insured's home, such damage was still "not excluded under Tower Hill's policy."[2]

### 1. **The insurance policy's exclusion for earth movement/soil movement**

We review the trial court's denial of a directed verdict de novo. Diageo Dominicana, S.R.L. v. United Brands, S.A., 314 So. 3d 295, 299 (Fla. 3d DCA 2020). Importantly, "[a] motion for directed verdict must be denied if the evidence presented is conflicting or different conclusions can be drawn from it." CDS Holdings I, Inc. v. Corp. Co. of Miami, 944 So. 2d 440, 443 (Fla. 3d

---

[2] We find no merit in Tower Hill's remaining claims that the trial court abused its discretion in rulings regarding cross-examination of the Insured's expert and in establishing time limits for closing arguments. See De la Portilla v. State, 877 So. 2d 871, 874 (Fla. 3d DCA 2004) (reaffirming the principle that the trial court "has control over the scope of the cross-examination and the trial court's rulings are not subject to review unless there is a clear abuse of discretion."); Daniel v. Rogers, 72 So. 2d 391 (Fla. 1954) (noting the time allotted by the trial court for closing arguments is reviewed under an abuse of discretion standard); Woodham v. Roy, 471 So. 2d 132, 134 (Fla. 4th DCA 1985) ("In establishing the appropriate time limitation for closing argument, the court should consider the following factors: length of trial, number of witnesses, amount of evidence, importance of the case, number and complexity of issues, amount involved and press of time. In all events, the time must be reasonable and should permit counsel an adequate opportunity to relate the factual argument to the governing principles of law.")

DCA 2006) (quoting <u>State Farm Mut. Auto. Ins. Co. v. Resnick</u>, 636 So. 2d 75, 76 (Fla. 3d DCA 1994) (additional citation omitted)). "A party moving for a directed verdict admits the truth of all the facts stated in the evidence presented and also admits every conclusion favorable to the nonmoving party that a jury might reasonably infer from the evidence." <u>Id.</u>

Tower Hill contends that the trial court erred in denying its motion for directed verdict on the policy's earth movement exclusion because, under any version of the facts, the damage to the Insured's home could only have been caused by earth movement. The policy language at issue provides:

> 1.  We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> b. **Earth Movement, meaning**
>
> (1) Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
> (2) Landslide;
> (3) Mine subsidence;
> (4) Mudflow;
> (5) **Earth sinking, rising or shifting**;
> (6) Clay shrinkage or other expansion or contraction of soils or organic materials;
> (7) Decay of buried or organic materials, construction debris, or fill;
> (8) Settling, cracking or expansion of foundation; or
> (9) **Soil movement resulting from blasting.**

(Emphasis added.)

Tower Hill contends its expert as well as the Insured's expert described the same physical phenomenon in explaining what caused the damage to the house: kinetic energy from a blast shook adjacent soil particles, which in turn shook more distant soil particles, thereby transmitting a wave through the soil to areas away from the blast site. Thus, Tower Hill posits the loss was caused by "soil movement resulting from blasting," an event excluded under the policy.

Tower Hill's position is unavailing, however, as it mischaracterizes the testimony of the Insured's expert. The Insured's expert directly contradicted Tower Hill's expert on the salient point, testifying that the blasting at the rock quarry shook the house and caused the damage. Indeed, the trial transcript reveals the differing opinions of the parties' respective experts was the central—if not sole—issue at trial. The Insured's expert was cross-examined extensively on this issue, and was steadfast in his opinion that none of the damage to the Insured's home resulted from soil movement or earth movement, but was instead the result of shock waves from the blasting that caused the house to shake.

Simply stated, the trial came down to a so-called "battle of the experts," requiring the factfinder to "resolve the issues upon which the experts differ." Hidalgo v. Citizens Prop. Ins. Corp., 323 So. 3d 338, 341 (Fla. 3d DCA 2021)

(Miller, J. concurring) (quoting <u>Rossi v. Brown</u>, 581 So. 2d 615, 617 (Fla. 5th DCA 1991) ("[A] 'battle of the experts' has become the norm in modern trials. Courts [or a jury] must resolve the issues upon which the experts differ.") We find no basis to reverse the trial court's denial of the motion for directed verdict on the policy's soil movement exclusion. Based upon the competing expert testimony, the jury could reasonably have concluded that it was the shock waves, and not soil or earth movement, that shook the house and caused damage to the Insured's home. As such, the trial court properly denied Tower Hill's motions for directed verdict, new trial, and judgment in accordance with the earlier motion for directed verdict. <u>Compare</u> <u>Castillo v. State Farm Fla. Ins. Co.</u>, 971 So. 2d 820 (Fla. 3d DCA 2007) (reversing summary judgment entered by trial court in favor of State Farm where plaintiff provided evidence to support its position that the damage to Castillo's home resulted from vibrations and shockwaves caused by blasting, without displacement of the earth) <u>with</u> <u>Hernandez v. Citizens Prop. Ins. Corp.</u>, 306 So. 3d 137, 139 (Fla. 3d DCA 2020) (affirming where there were no disputed issues of fact that "earth movement caused by the off-site blasting vibrations led to the house shifting, resulting in cracks in walls and flooring"). <u>See also</u> <u>Carrascal v. Scottsdale Ins. Co.</u>, 557 F.Supp.3d 1247, 1250 (S.D. Fla. 2021) (distinguishing <u>Hernandez</u>, 306 So. 3d at 137 where expert testified soil

7

movement created damage and noting "if Defendant wanted to exclude damages from blasting, it could have included a statement that 'earth movement' means land shock waves after blasting. It did not do so and this Court is obligated to strictly construe this exclusionary clause under Florida law.")[3]

## 2. The jury instruction on concurrent cause

Tower Hill also challenges the following instruction given during the final charge to the jury:

> The Court further instructs you that land shock waves from blasting in combination with wear and tear, marring, deterioration; settling, shrinking, bulging or expansion, is also not excluded under Tower Hill's policy.

To place this instruction in proper context, the insurance policy was an all-risk policy, meaning that the loss was covered unless expressly excluded. As discussed *supra*, damage caused by land shock waves from blasting was not excluded under this all-risk policy. However, the policy did expressly

---

[3] Relatedly, we find no error in the trial court's determination (and instruction to the jury) that damage caused by land shock waves (i.e., shock waves shaking the Insured's house without soil or earth movement) did not fall within the earth-movement exclusion under the policy. While a trial court's decision on jury instructions is generally reviewed for abuse of discretion and "should not be overturned on appeal absent a showing of prejudicial error," Gonzalez v. Rose, 752 So. 2d 39, 41 (Fla. 3d DCA 2000), whether a jury instruction represents an accurate statement of law is a legal question reviewed by an appellate court under a de novo standard. Union Carbide Corp. v. Font, 299 So. 3d 491, 496 (Fla. 3d DCA 2020).

exclude damage caused by wear and tear, marring, deterioration, settling, shrinking bulging or expansion. The remaining relevant question then was whether the Insured's claim was covered if the jury determined that the land shock waves from blasting (a covered cause) acted in combination with an excluded cause (e.g., settling or shrinking) to damage the Insured's home.

This question implicates the Concurrent Cause Doctrine which "provides that coverage may exist where an insured risk constitutes a concurrent cause of the loss even when it is not the prime or efficient cause." Sebo v. Am. Home Assurance Co., 208 So. 3d 694, 698 (Fla. 2016); Wallach v. Rosenberg, 527 So. 2d 1386, 1388 (Fla. 3d DCA 1988). Sebo held that, under an all-risk insurance policy (such as the policy in the instant case), when multiple perils combine to create a loss, and at least one of those perils is excluded by the terms of the policy, the loss remains covered unless the policy explicitly excludes the concurrent cause doctrine. Sebo, 208 So. 3d at 700. An insurer may therefore avoid application of the concurrent cause doctrine by including an explicit anti-concurrent cause provision in the applicable portion of the policy. Sec. First Ins. Co. v. Czelusniak, 305 So. 3d 717, 718-19 (Fla. 3d DCA 2020) (citing Jones v. Federated Nat. Ins. Co., 235 So. 3d 936, 941 (Fla. 4th DCA 2018) ("If the insurer fails to establish either a sole or efficient proximate cause, and there are no applicable anti-

9

concurrent cause provisions, then the concurrent cause doctrine must be utilized."))

Counsel for the Insured requested the above instruction because, although the policy's earth movement exclusion contained an anti-concurrent clause, Tower Hill conceded the remainder of the policy did not contain such an avoidance provision. In other words, if the jury were to find that the cause of damage was "land shock waves from blasting" not involving earth movement, as the Insured's expert testified, then the loss was covered under the policy even if the land shock waves from blasting acted in combination with an excluded peril (including "wear and tear, marring, deterioration; settling, shrinking, bulging or expansion") to cause the damage to the Insured's home. The anti-concurrent cause provision in the instant policy would come into play only if the jury were to first determine that one of the causes of the damage was earth movement. However, the jury did not make such a determination, instead finding that the cause of the loss was land shock waves caused by the blasting. Thus, because the policy did not contain an anti-concurrent cause avoidance provision (except in the earth movement exclusion), a loss caused by land shock waves from blasting at the quarry (not involving earth movement) would be covered, even if the loss

10

was also caused by some excluded peril such as wear and tear, marring, deterioration, settling, shrinking, bulging or expansion.

**<u>CONCLUSION</u>**

Because no reversible error was committed during the trial, and because the verdict was supported by competent, substantial evidence, we affirm.

Affirmed.