# Third District Court of Appeal

## State of Florida

Opinion filed April 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1706
Lower Tribunal No. F21-7195
_____

**Luis Enrique Juarbe**,
Appellant,

vs.

**State of Florida**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General, for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Kitchings v. State, 291 So. 3d 181, 193 (Fla. 4th DCA 2020) ("A ruling on Williams rule evidence is a matter within the broad discretion of the trial court. In the absence of an abuse of discretion, the trial court's ruling on admissibility will not be overturned on appeal." (internal citations omitted)); § 90.404(2)(b), Fla. Stat. (2025) ("In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."); McLean v. State, 934 So. 2d 1248, 1259 (Fla. 2006) ("Section 90.404(2)(b) broadly provides that evidence of the defendant's commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity."); State v. Hall, 292 So. 3d 851, 854 (Fla. 2d DCA 2020) ("[T]he lynchpin to the admissibility of Williams rule evidence in child sexual molestation cases after the amendment—whether within or outside the familial context—is its relevance, not its strict, substantial, or relaxed similarity to the crime being tried."); Moore v. State, 312 So. 3d 544, 548 (Fla. 1st DCA 2021) ("'similar' does not mean 'exactly the same'" and finding sufficient similarity in the collateral crimes where all three victims were the defendant's biological children, all

2

acts occurred while victims were asleep in the defendant's bed, and all involved touching of vaginas, even though the charged offense also involved penile penetration); Pridemore v. State, 301 So. 3d 454, 460 (Fla. 4th DCA 2020) ("[C]ases applying the McLean framework to child molestation cases have often focused on the similarity between means of access while requiring less commonality between the charged offense and the collateral crime."); Pulcini v. State, 41 So. 3d 338, 346 n. 3 (Fla. 4th DCA 2010) (finding remoteness in time factor did not automatically render prior abuse evidence inadmissible, especially in intrafamilial or generational abuse cases); State Farm. Mut. Auto. Ins. Co. v. Resnick, 636 So. 2d 75, 77 (Fla. 3d DCA 1994) ("In general, the trial court has broad discretion to determine whether to grant or deny a motion for mistrial and a mistrial should not be granted unless an absolute legal necessity to do so exists."); Ramirez v. State, 739 So. 2d 568, 579 (Fla. 1999) ("As an evidentiary principle, the concept of 'opening the door' allows the admission of otherwise inadmissible testimony to 'qualify, explain, or limit' testimony or evidence previously admitted. The concept of 'opening the door' is 'based on considerations of fairness and the truth-seeking function of a trial.'" (internal citations omitted)).